**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-461-RJC-DCK**

| | |
|---|---|
| **CRESCENT UNIVERSITY CITY VENTURE LLC,** ) </br> ) </br> **Plaintiff,** ) </br> ) </br> v. ) </br> ) </br> **ADOLFSON & PETERSON INC., and** ) </br> **ARCH INSURANCE COMPANY,** ) </br> ) </br> **Defendants/Third-Party Plaintiff,** ) </br> ) </br> v. ) </br> ) </br> **BB&M ARCHITECTURE, PLLC; SCA** ) </br> **ENGINEERS, INC.; MADISON CONSTRUCTION** ) </br> **GROUP, INC.; TRUSSWAY MANUFACTURING,** ) </br> **INC.; and T.A. KAISER HEATING & AIR, INC.,** ) </br> ) </br> **Third-Party Defendants.** ) </br> ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Strike And Motion To Dismiss By Arch Insurance Company" (Document No. 20). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will recommend that the motion be <u>denied</u>.

**BACKGROUND**

Crescent University City Venture LLC ("Plaintiff" or "Crescent") initiated this action with the filing of its "Complaint" (Document No. 1) on October 1, 2015. The Complaint asserts claims against Adolfson and Peterson, Inc. ("A&P") and Arch Insurance Company ("Arch") (together,

"Defendants") for: (1) breach of contract; (2) action on performance guaranty; and (3) right to recover insurance proceeds. (Document No. 1).

"Defendant Adolfson & Peterson, Inc.'s Motions To Dismiss, Answer, Affirmative Defenses, Counterclaim and Third Party Claims" (Document No. 16) was filed on November 23, 2015. The pending "Motion To Strike And Motion To Dismiss By Arch Insurance Company" (Document No. 20) was then filed on November 24, 2015.

On December 11, 2015, the date a response was due and seventeen (17) days after Defendant Arch filed its "Motion To Strike And Motion To Dismiss…" pursuant to Fed.R.Civ.P. 12(f) and 12(b)(6), Plaintiff filed its "Amended Complaint" (Document No. 33), as well as an "Answer To Counterclaim" (Document No. 34).

The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

Based on the filing of Plaintiff's "Amended Complaint" (Document No. 33), which supersedes the original "Complaint" (Document No. 1), the undersigned will respectfully

recommend that the "Motion To Strike And Motion To Dismiss By Arch Insurance Company" (Document No. 20) be denied as moot.  This recommendation is without prejudice to Defendant Arch filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint");  Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.");  Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008);  and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends the "Motion To Strike And Motion To Dismiss By Arch Insurance Company" (Document No. 20) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact,

conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: December 22, 2015

David C. Keesler
United States Magistrate Judge