**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-461-RJC-DCK**

| | |
|---|---|
| **CRESCENT UNIVERSITY CITY VENTURE LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**ADOLFSON & PETERSON INC., and** )<br>**ARCH INSURANCE COMPANY,** )<br>)<br>**Defendants/Third-Party Plaintiff,** )<br>)<br>**v.** )<br>)<br>**BB&M ARCHITECTURE, PLLC; SCA** )<br>**ENGINEERS, INC.; MADISON CONSTRUCTION** )<br>**GROUP, INC.; TRUSSWAY MANUFACTURING,** )<br>**INC.; and T.A. KAISER HEATING & AIR, INC.,** )<br>)<br>**Third-Party Defendants,** )<br>)<br>**v.** )<br>)<br>**MADISON CONSTRUCTION GROUP, INC.** )<br>)<br>**Third-Party Plaintiff** )<br>)<br>**v.** )<br>)<br>**MANUEL BUILDING CONTRACTORS, LLC** )<br>)<br>**Third-Party Defendant.** )<br>) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Crescent University City Venture's "Motion for Voluntary Dismissal" (Document No. 76) the "Motion To Strike, Motion To Dismiss Amended Complaint And Motion To Sever By Arch Insurance Company" (Document No. 52). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion for Voluntary Dismissal" be <u>granted</u> and Defendant Arch's "Motion to Strike, Motion to Dismiss And Motion to Sever…" be <u>denied as moot</u>.

## I. BACKGROUND

Crescent University City Venture LLC ("Plaintiff" or "Crescent") initiated this action with the filing of its "Complaint" (Document No. 1) on October 1, 2015. Plaintiff submitted an "Amended Complaint" (Document No. 33) on December 11, 2015. The Amended Complaint asserts claims against Adolfson and Peterson, Inc. ("A&P") and Arch Insurance Company ("Arch") (together, "Defendants") for: (1) breach of contract; (2) action on performance guaranty; and (3) right to recover insurance proceeds. (Document No. 33).

Defendant A&P filed its "…Motions To Dismiss, Answer, Affirmative Defenses, Counterclaim And Third-Party Claims" (Document No. 16) on November 23, 2015. A&P's filing includes counterclaims against Crescent, and third party claims against BB&M Architecture, PLLC; SCA Engineers, Inc.; Madison Construction Group, Inc.; Trussway Manufacturing, Inc.; and T.A. Kaiser Heating & Air, Inc. (collectively "Third-Party Defendants"). (Document No. 16).

Defendant Arch filed its "Motion To Strike, Motion To Dismiss Amended Complaint And Motion To Sever…" (Document No. 52) on February 3, 2016. Crescent filed its "…Memorandum In Opposition…" (Document No. 63) on February 18, 2016. Defendant Arch filed a "Reply In Support…" (Document No. 67) on February 25, 2016.

Plaintiff filed its "Motion for Voluntary Dismissal" (Document No. 76) on April 29, 2016 with the consent of Defendant A&P and *all* Third-Party Defendants. Defendant Arch filed its "Memorandum In Opposition…" (Document No. 77) on May 16, 2016. "Defendant/Third-Party

2

Plaintiff Adolfson & Peterson, Inc.'s Consent To Plaintiff Crescent University City Venture, LLC's Motion For Voluntary Dismissal" (Document No. 78) was filed on May 19, 2016.  Crescent filed a "Reply Brief In Further Support Of Motion For Voluntary Dismissal" (Document No. 79) on May 25, 2016.

The pending motions are now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

Rule 41 of the Federal Rules of Civil Procedure governs motions for dismissal granted by court order, providing in the relevant part that

> [e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. Rule 41(a)(2).

A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant. Andes v. Versent Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).  Factors a district court should consider in ruling on such motions are:  (1) the opposing party's effort and expense in preparing for trial;  (2) excessive delay or lack of diligence on the part of the movant;  (3) insufficient explanation of the need for a dismissal;  and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. Gross v. Spies, 133 F.3d 914 (4th Cir. 1998) (unpublished) (citing Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir.1996);  Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir.1987)).

## III. DISCUSSION

In its motion for voluntary dismissal, Plaintiff Crescent asks the Court to dismiss the case pursuant to Rule 41(a)(2). (Document No. 76). Plaintiff argues that it, along with A&P and the Third Party Defendants in this case, wants to dismiss this action in order to consolidate all the causes of action in one case before the North Carolina Business Court. (Document No. 79, p. 4). Plaintiff notes that an action is currently pending before the North Carolina Business Court on a case transactionally related to this one, brought by Defendant A&P against Plaintiff. (Document No. 79-2). Plaintiff says that it plans to file a state court lawsuit against A&P and Arch, and move to have that designated as a complex business case and then consolidated with the pending state court action. (Document No. 79, p. 4). Finally, Plaintiff notes that Defendant A&P and Third-Party Defendants have consented to the voluntary dismissal, but only Defendant Arch has refused to consent to the voluntary dismissal.

Plaintiff argues that Defendant Arch cannot demonstrate substantial legal prejudice. (Document Nos. 76, 79). Among other things, Plaintiff contends that Defendant Arch has not incurred significant expenses, Plaintiff has not been excessively delayed in responding, Plaintiff has provided sufficient explanation of the need for dismissal, and the litigation is not at such an advanced stage that dismissal would be unduly prejudicial. (Document No. 79, pp. 4-5).

In opposition, Defendant Arch argues that it has "incurred significant expense defending Plaintiff's meritless lawsuit against it." (Document No. 77, p. 3). Defendant Arch then argues that Plaintiff's claim should be dismissed with prejudice, referring back to its arguments in support of its own motion to dismiss, namely that the suit against it is not transactionally related to the construction dispute. (Document No. 77, p. 3) (citing Document No. 54). Defendant Arch contends that Plaintiff has not provided a sufficient explanation to allow for voluntary dismissal,

4

since it is not a party to the action currently pending in state court. (Document No. 77, p. 3). Defendant Arch also argues that Plaintiff has excessively delayed in filing this motion approximately six months after originally filing this action. (Document No. 77, pp. 3-4).

The undersigned has considered the four factors outlined by the Courts of Appeals in determining whether to grant voluntary dismissal. Gross v. Spies, 133 F.3d 914 (4th Cir. 1998). First, the undersigned finds that Defendant Arch has not incurred significant expense. Defendant Arch provides no specific evidence as to significant expenses it has incurred. (Document No. 77). Moreover, the case is only in the pleading stage and discovery has not yet begun in this action, prompting a finding that Defendant has not only not incurred significant expense in defending this action, but also that the litigation is not in an advanced stage. Additionally, the undersigned finds no evidence of excessive delay, given it has only been approximately six months between Plaintiff first filing its Complaint and raising this motion.

Finally, the undersigned finds Plaintiff has provided sufficient explanation of the need for dismissal. Although Defendant Arch is not currently a party to the litigation in the action before the North Carolina Business Court, it is in the interests of judicial economy and efficient case management to consolidate all transactionally related claims in one case where possible, which is what Crescent, A&P, and Third-Party Defendants all propose to do by asking the Court to dismiss this action. The undersigned expresses no opinion as to the merits of the claims against Defendant Arch, or the extent to which they are transactionally related to Plaintiff's other claims, but instead recommends such findings should be resolved by the state courts, if and when Crescent decides to bring a state cause of action against Defendant Arch.

Considering the factors above in combination, the undersigned concludes that Defendant Arch is not substantially prejudiced by Plaintiff's motion to voluntarily dismiss without prejudice.

As such, the undersigned will recommend that Plaintiff's motion be granted, and Defendant Arch's pending motion be denied as moot.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff Crescent University City Venture's "Motion for Voluntary Dismissal" (Document No. 76) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the "Motion To Strike, Motion To Dismiss Amended Complaint And Motion To Sever By Arch Insurance Company" (Document No. 52) be **DENIED AS MOOT**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

Signed: June 27, 2016

David C. Keesler
United States Magistrate Judge